UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIDEA SCHASTEEN, | Case No.  24-cv-01529-EMC |
| Plaintiffs, | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| v. | |
| SALTCHUK RESOURCES, INC., et al., | |
| Defendants. | Docket No. 18 |

## I.      INTRODUCTION

Midea Schasteen, a 62-year-old Asian female, sues her former employer for age and race discrimination after she was the only one laid off on a team of all Caucasian and younger employees, despite having years of experience.  Plaintiff now moves to amend her complaint to add Saltchuk Marine Services, the parent company of her employer Shared Services, as a Defendant, as well as add additional facts.  Docket No. 18.  Defendants oppose the motion. Docket No. 20.

The Court has considered the parties' submissions and determined that this matter is appropriate for resolution without oral argument.  *See* Civil Local Rule 7-1(b).  For the reasons set forth below, the Court GRANTS Plaintiff's motion for leave to amend and vacates the August 8, 2024 hearing.

## II.      FACTS AND BACKGROUND

A.      Factual Background

Plaintiff's allegations are as follows.  Plaintiff is a 62-year old Asian female who worked in Human Resources ("HR") at Shared Services from January 2020 until her termination in October 2023.   Docket No. 1 ¶¶ 8-9, 39.  Shared Service's parent company is Saltchuk Resources, Inc. ("SRI").  *Id.* at ¶ 6.  Plaintiff was an HR project manager and systems administrator.  *Id.* at ¶

12. She was the oldest person and only minority on her team, *id.* at ¶ 19-20, and all of her supervisors and directors were Caucasian. *Id.* at ¶¶ 15-16. As the "go to" person on her team, she was a valuable member and got along with people well. *Id.* at ¶ 21.

Plaintiff experienced ongoing race and discrimination when Steven Haft became the new VP of HR in November 2022. *Id.* at ¶¶ 25-45. Mr. Haft made comments about forcing predominantly Asian and Spanish factory employees who could not read or write English to fill out forms in English, that employees were required to find their own translator, and that "it [was] their problem." *Id.* at ¶ 28. He failed to effectively communicate with Plaintiff regarding general work duties, excluded her from key projects, and accused her of lying in one instance. *Id.* at ¶¶ 29, 35-36. He failed to effectively communicate information about the Diversity Equity Inclusion Program, despite Plaintiff being the only minority in the program. *Id.* at ¶ 30. Mr. Haft also ignored Plaintiff's achievements despite acknowledging others. *Id.* at ¶ 34. Eventually, Mr. Haft began excluding Plaintiff from certain job duties or limiting her ability to perform her job fully, and ultimately terminated her employment under the pretense of a layoff. *Id.* at ¶¶ 37-41. Plaintiff was the only person laid off on her team, and was the oldest and only minority. *Id.* at ¶ 41. Plaintiff's role was then given to a younger Caucasian male with no prior experience in specific project manager and systems administrator role. *Id.* at ¶ 43.

Plaintiff asserts the following claims against Defendants Shared Services and SRI: (1) age discrimination in violation of Cal. Gov't Code § 12940(a), (2) race discrimination in violation of Cal. Gov't Code § 12940(a), (3) gender discrimination in violation of Cal. Gov't Code § 12940(a), (4) failure to take reasonable steps to prevent discrimination in violation of § 12940(k), (5) wrongful termination in violation of public policy, (6) intentional infliction of emotional distress, (7) failure to timely provide records in violation of Cal. Labor Code §§ 226(b), (c) and 1198.5, and (8) Unfair Business Practices. Docket No. 18.

Plaintiff now files a motion for leave to file a First Amended Complaint (FAC) to add a new Defendant and additional facts involving SRI. Docket No. 18. Plaintiff attached an FAC that includes the following new allegations:

- New Defendant Saltchuk Marine Services, LLC ("SMS") is the parent

company of current defendant Shared Services.  Docket No. 18-1 ¶¶ 11-12
(Kent Decl.).

- Shared Services, SRI, and SMS are (1) joint employers (2) integrated enterprises and/or (3) liable under agency and/or alter ego theories.  *Id.* at ¶ 13.

- SRI set up SMS as a "shield" between SRI and Shared Services, and SRI owned and controlled Shared Services.  *Id.* at ¶ 56.  SRI "structured its business to operate through smaller, separate entity companies in order to shield itself from liability.   *Id.* at ¶ 55.

- SMS manages and operates Shared Services "at the direction of SRI."  *Id.* at ¶ 58.

- Shared Services provides general administration services such as Human Resources, Benefits, Payroll, Finance, Accounting, and Legal Services to several SRI-owned companies. *Id.* at ¶ 60.

- Shared Services receives its capital and annual budget from SRI.  *Id.* at ¶ 61.

- The Senior Vice President of HR at SRI has the authority to discipline or terminate the Vice President of HR at Shared Services.  *Id.* at ¶ 62.

-  Plaintiff's various job duties involved reporting to the Senior Vice President of HR at SRI, Colleen Rosas, including submitting data and communicating with SRI's managers.  *Id.* at ¶ 63.  Plaintiff was told that SRI had the right to have her supervisor at Shared Services to discipline her, change her compensation, or terminate her.  *Id.* at ¶ 63.

- SRI and SMS jointly decided to lay off employees at Shared Services.  *Id.* at ¶ 67.

- Shared Services, SRI, and SMS have comingled funds and other assets. SRI and SMS are liable for the debts of shared Services.  SRI and SMS own Shared Services, and Shared Services is a "mere shell."  Shared Services is

3

1    an "instrumentality, agency, conduit, or adjunct" of SRI and SMS.  *Id.* at ¶
2    68.

3   B.   <u>Procedural Background</u>

4       On February 6, 2024, Plaintiff filed an action against Defendants Shared Services and its

5 parent company, Saltchuk Resources, Inc., ("SRI") alleging employment discrimination and

6 unlawful termination in California Superior Court.  Docket No. 1.  Defendants removed the case

7 to federal court on the basis of diversity jurisdiction.  Docket No. 1.

8       Parties initially disputed whether SRI is a proper defendant, and it is through this dispute

9 that Plaintiff discovered that Saltchuk Marine Shares Services ("SMS") may have been involved

10 in the Plaintiff's termination as a subsidiary of SRI.  Docket No. 18-1 ¶¶ 4-5 (Kent Decl.).  On

11 July 16, 2024 at the most recent case management conference, the Court permitted both parties to

12 conduct limited additional oral and written discovery on the issue of whether SRI and SMS are

13 proper Defendants.  Docket No. 21.

14                **III.**     **LEGAL STANDARD**

15       Generally, Rule 15 advises the court that "leave shall be freely given when justice so

16 requires."  Fed. R. Civ. P. 15(a).  "[L]eave to amend should be granted if it appears at all possible

17 that the plaintiff can correct the defect."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th

18 Cir. 2003) (internal quotation marks and citations omitted).  The decision to grant leave to

19 amend under Rule 15 is within the discretion of the court, but the court must give some "justifying

20 reason" for denying leave.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Ninth Circuit has

21 generally considered the following factors in determining whether to grant leave to amend: "'(1)

22 undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing

23 party.'"  *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991)

24 (quoting *Hurn v. Retirement Fund Trust*, 648 F.2d 1252, 1254 (9th Cir. 1981)).

25                **IV.**     **DISCUSSION**

26       Plaintiff correctly argues that the Court should freely grant leave to amend here because of

27 the presumption in favor of doing so under Rule 15(a), and because none of the Ninth Circuit

28 factors for denying leave such as futility of amendment, bad faith, undue delay, and prejudice to

the opposing party are present here.

A.    <u>Futility of Amendment</u>

A district court can deny leave to amend when amendment is futile.  *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *AmeriSourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).  An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.  *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059–1060 (9th Cir. 2018) (leave to amend to substitute new party properly denied as futile because claim by new party would not relate back and would be barred by limitations); *Roth v. Garcia Marquez*, 942 F.2d 617, 628–629 (9th Cir. 1991) (when plaintiff moved to amend in order to specifically plead that contract existed, court properly denied amendment as futile because it would be defeated on summary judgment).  In this case, Defendant primarily argues that the FAC is futile because the new allegations are not sufficient to establish that SRI or SMS is her employer.  Docket No. 20 at 3.

However, amendment to add a Defendant supported by more facts regarding the new Defendant's relationship to the original Defendants is not futile at this stage; the new allegations show that the new Defendant SMS could potentially be liable to Plaintiff for the acts of Shared Services under a joint employer, integrated enterprise, and/or agency theory.  Plaintiff seeks to allege that SRI controls the new Defendant SMS, who in turn controls Shared Services, Docket No. 18-1 at ¶¶ 56, 58, and that SMS and SRI made a joint decision to lay off Plaintiff.  *Id.* at ¶ 67. Plaintiff seeks to allege that the three entities have commingled funds and other assets.  *Id.* at ¶ 68. These new allegations can support joint employer, integrated enterprise, agency, or alter ego theories of liability.  These proposed pleading appears to be sufficient to survive a motion to dismiss.  *C.f. Blantz v. Cal. Dep't of Corr. & Rehab,* 727 F.3d 917, 927 (9th Cir. 2013) (holding that the district court did not abuse its discretion in denying leave to amend when, from party's description of proposed amendments, it appeared that new allegations would be conclusory and insufficient under pleadings standards set out in *Bell Atl. Corp. v. Twombly* and *Ashcroft v. Iqbal*).

United States District Court
Northern District of California

B.      Undue Delay

"Undue delay is a valid reason for denying leave to amend." *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1454 (9th Cir. 1990).  Some courts have stressed prejudice to the opposing party as the key factor. *See United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research*, 401 U.S. 321, 330-31 (1971)).  In *Texaco, Inc. v. Ponsolt,* 939 F.2d 794, 798-99 (9th Cir. 1991), the court held that Texaco unduly delayed its attempt to amend the complaint because it did not move to amend until eight months after the district court granted summary judgment against it, nearly two years after filing the initial complaint.

In contrast here, Plaintiff has not engaged in undue delay in filing the motion to amend the complaint.  Plaintiff filed the initial complaint in state court on February 6, 2024.  Docket No. 1 at 1.  Plaintiff filed the motion to amend the complaint on July 2, 2024, before Defendants have filed any motion or response to the initial complaint.  Docket No. 18.  There is no evidence of undue delay.  Thus, this factor does not support denying leave to amend.

C.      Prejudice

Even if there were undue delay, delay alone is usually not enough to deny leave to amend; the non-moving party must be prejudiced by the delay.  *United States v. Pend Oreille Pub. Util. Dist. No. 1,* 926 F.2d 1502, 1511 (9th Cir. 1991) (finding the district court abused its discretion when it only considered delay).

The Ninth Circuit has found prejudice to the nonmoving party when the moving party seeks to amend after discovery is complete and the case is on the verge of trial.  In *Roberts v. Arizona Board of Regents,* 661 F.2d 796, 798 (9th Cir. 1981) the court affirmed denial of leave to amend pleadings to add a claim of retaliatory discharge against employer where amendment was "raised at the eleventh hour, after discovery was virtually complete and the Board's motion for summary judgment was pending before the court."  Similarly, in *Mpoyo v. Litton Electro-Optical Systems,* 430 F.3d 985, 986 (9th Cir. 2005) the court denied leave to amend complaint two years after filing initial complaint, after discovery was complete, expert witness disclosures had passed,

6

1    and summary judgment motions were fully briefed.  More broadly, the Ninth Circuit has found

2    prejudice to the nonmoving party when an amended complaint is so delayed that it would

3    significantly alter litigation strategy.  *See Morongo Band of Mission Indians v. Rose*, 893 F.2d

4    1074, 1079 (9th Cir. 1990) (affirming denial of leave to file an amended complaint because in

5    addition to a delay of two years, the new claims in the amended complaint "would have greatly

6    altered the nature of litigation" and "would have required defendants to have undertaken, at a late

7    hour, an entirely new course of defense."); *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465

8    F.3d 946, 953-54 (9th Cir. 2006) (finding that an amended complaint would "require[] the parties

9    to scramble" and "would have unfairly imposed potentially high, additional litigation costs on

10   Dialysis West" that could easily have been avoided had the amendments existed in the original

11   briefing, among other reasons).

12        In contrast to the above cases where a party seeks amendment so late into consequential

13   stages of litigation that the nonmoving party is prejudiced, Defendant here has not established

14   prejudice.  Unlike in *Morongo* and *AmerisourceBergen Corp.,* this case is so early on; discovery

15   in earnest has not begun.  Therefore, Defendant is not prejudiced by a FAC.

16   D.   <u>Bad Faith</u>

17        Finally, there is no evidence that Plaintiff seeks leave to amend in bad faith.  Plaintiff's

18   counsel discovered new information regarding the relationship between SRI, SMS, and Shared

19   Services.  *C.f. Louisiana v. Litton Mortgage Co.,* 50 F.3d 1298, 1303-1304 (5th Cir. 1995)

20   (finding that plaintiff's attempt to reassert an abandoned RICO claim was indicative of bad faith

21   and dilatory motive).

22                              **V.     CONCLUSION**

23        Therefore, the Court GRANTS Plaintiff leave to amend to file a First Amended Complaint

24   adding claims against a new Defendant SMS and additional facts related to SRI.

25

26        **IT IS SO ORDERED**.

27

28   Dated: July 25, 2024

United States District Court
Northern District of California

1

2 

3 EDWARD M. CHEN
United States District Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California